# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DOUGLAS E. STIDHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 09-2362-JWL |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding the Commissioner failed in his duty to develop the record as alleged by Plaintiff, the court ORDERS that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's decision, and REMANDING the case for further proceedings consistent with this opinion.

**I.     Background**

Plaintiff protectively filed an application for SSI on October 28, 2004 and filed an application for DIB on November 4, 2004 alleging disability since October 1, 2002. (R. 17, 84-86, 909-11). The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge (ALJ). (R. 17, 27, 28, 906, 908). Although counsel appeared at the scheduled time for hearing in Albuquerque, New Mexico, Plaintiff did not, and in due course the ALJ dismissed Plaintiff's request for a hearing. (R. 17, 31-32, 886-88). Plaintiff requested Appeals Council review of the dismissal decision, noting that he had been incarcerated at the time scheduled for hearing. (R. 71-72). His request was granted, the dismissal decision was vacated, and the case was remanded for further proceedings. (R. 35-36).

A new hearing was scheduled, and Plaintiff appeared pro se before ALJ George M. Bock in Kansas City, Missouri on September 3, 2008. (R. 17, 76-80, 889-90). At the hearing, testimony was taken from Plaintiff, from his wife, and from a vocational expert. (R. 17, 889-906). On November 20, 2008, ALJ Bock issued a decision finding that although Plaintiff had no qualifying past relevant work, there are a significant number of jobs in the economy that he can perform. (R. 17-24). Therefore, he concluded Plaintiff is not disabled within the meaning of the Act, and denied his applications. (R. 24).

Plaintiff secured representation by counsel after the ALJ's decision was issued. (R. 25)(dated December 15, 2008). The same counsel represents Plaintiff before this court. Through counsel Plaintiff sought, and by letter dated February 19, 2009 was

denied, Appeals Council review. (R. 10-13).[1] The ALJ's decision, consequently, is the Commissioner's final decision. Id. at 10; Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). By letter dated June 8, 2009, the SSA Office of Disability Adjudication and Review granted an additional thirty days (after Plaintiff received that letter) to file a civil action seeking review of the decision. (R. 9). Plaintiff timely filed his complaint in this court on July 7, 2009. (Doc. 1).

## II.     Legal Standard

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th

---

[1] Plaintiff submitted additional evidence and argumentation after the Appeals Council denied review (R. 912-17, 920-47), and although the Appeals Council considered whether to reopen the decision, it found no reason to do so, and informed Plaintiff that under Social Security Administration (SSA) rules he had no right to court review of its determination not to reopen the decision. (R. 918-19). The additional evidence was submitted by Plaintiff after the Council denied review, and the Council did not issue an order making it a part of the administrative record in this case. Nor does Plaintiff argue before this court that the additional evidence is new, material, and chronologically relevant evidence justifying remand pursuant to the sixth sentence of 42 U.S.C. § 405(g). For all these reasons, the court will not consider the additional evidence in this opinion.

Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. Id.

The Commissioner uses a five-step, sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2008); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful

activity since the alleged onset, whether he has severe impairments, and whether the severity of his impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51. If plaintiff's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 416.920. This assessment is used at both step four and step five of the sequential process. Id.

After assessing claimant's RFC, the Commissioner evaluates at steps four and five--whether the claimant can perform his past relevant work, and whether, when considering vocational factors (the claimant's age, education, and past work experience), he is able to perform other work in the economy. Williams, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the national economy within plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Here, Plaintiff claims the ALJ erred in his RFC assessment by failing to adequately develop the record regarding his mental impairments and by improperly weighing the opinion of his treating therapist. He argues that as a consequence the ALJ propounded an inadequate hypothetical question to the vocational expert, and erred in relying upon the expert's testimony in response to the flawed hypothetical. Finally, he claims the ALJ erroneously evaluated the credibility of his allegations of the symptoms resulting from his

impairments. The Commissioner cites substantial record evidence supporting the ALJ's credibility finding, and argues that the ALJ's RFC assessment was proper because the record contains sufficient evidence for the ALJ to evaluate plaintiff's mental impairments and the ALJ properly discounted the treating therapist's opinion. Therefore, he argues, the hypothetical question was proper, and the ALJ properly relied upon the vocational expert's testimony in response. The court finds the ALJ failed to adequately develop the record regarding Plaintiff's alleged mental impairments, and remand is necessary to correct this error. Because proper development of the record will no doubt affect the Commissioner's evaluation of the therapist's opinion and of Plaintiff's credibility, and will likely require formulation of another hypothetical question, the court finds it is unnecessary to address those issues at this time.

## III.     The ALJ Failed to Adequately Develop the Record

In the decision at issue, the ALJ noted that Plaintiff's therapist at Wyandot Mental Health Center submitted a letter diagnosing Plaintiff with bipolar disorder and dementia. (R. 20). The ALJ noted that Plaintiff had been treated at the Wyandot Center by Dr. Risk since August 2008, but that there were no treatment notes or objective evaluations in the record, that Plaintiff has not had a psychiatric hospitalization, is not taking antipsychotic or antidepressant medications, and his demeanor at the hearing was not consistent with significant memory and concentration difficulties. (R. 20). He stated Plaintiff "was able to follow along and answer questions appropriately" at the hearing, and he concluded by finding the memory and concentration problems alleged by Plaintiff "are not medically

determinable impairments." Id. at 20-21. In his credibility analysis, the ALJ noted Plaintiff alleged memory and concentration problems, and his wife testified Plaintiff has a poor memory, but he found their testimony to be "a complete exaggeration." Id. at 22. Finally, he accorded "significant weight" to the opinions of the state agency consultants, and "little weight" to the therapist's diagnoses of bipolar disorder and dementia because the therapist is not an acceptable medical source, and because the diagnoses are not supported by contemporaneous treatment notes or by any record evidence of Plaintiff's complaints of mental health symptoms. Id.

Plaintiff claims the ALJ erred by "failing to obtain the underlying treatment notes or evaluations of Plaintiff's psychiatrist or psychologist, or in the alternative obtain a mental evaluation," and therefore the "ALJ did not have sufficient medical findings to determine the nature and extent of Plaintiff's mental limitations." (Pl. Br. 15). He argues that the ALJ's error "was especially egregious for Plaintiff was without representation" in proceedings before the ALJ, and at the hearing the ALJ represented to Plaintiff that he had all of the medical records. Id. Finally, he argues that when Plaintiff was explaining his recent mental health treatment, the ALJ interrupted his testimony, and never returned to that line of questioning. Id. at 16.

The Commissioner notes that Plaintiff has the burden of proving disability. (Comm'r Br. 10). He argues that the record contains evidence supporting the ALJ's determination regarding mental impairments; that neither Plaintiff, his wife, nor his stepson verbally disagreed when the ALJ indicated he had all of Plaintiff's medical

records; and that "Nothing precluded Plaintiff from submitting a report from his psychiatrist or his psychologist after the hearing." Id. at 11, 12. He also argues that record evidence supports the ALJ's decision to discount the therapist's opinion. Id. at 11-12.

"It is beyond dispute that the burden to prove disability in a social security case is on the claimant." Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997); 20 C.F.R. § 404.1512(a) ( "[Y]ou must bring to our attention everything that shows that you are ... disabled."). Nevertheless,

> The ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised. This is true despite the presence of counsel, although the duty is heightened when the claimant is unrepresented. The duty is one of inquiry, ensuring that the ALJ is informed about facts relevant to his decision and learns the claimant's own version of those facts.

Henrie v. Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir. 1993) (citations, quotations, and brackets omitted); see also Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir. 1987) ("The [ALJ's] duty of inquiry takes on special urgency when the claimant has little education and is unrepresented by counsel."). Generally, this means that the "ALJ has the duty to ... obtain [ ] pertinent, available medical records which come to his attention during the course of the hearing." Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). "Further, under 20 C.F.R. § 404.1512(e), '[w]hen the evidence [the agency] receive[s] from [a claimant's] treating physician or psychologist or other medical source is inadequate for [the agency] to determine whether [the claimant is] disabled, [the

-8-

agency] will need additional information to reach a determination or a decision.'" Cowan v. Astrue, 552 F.3d 1182, 1187 (10th Cir. 2008).

Here, Plaintiff testified at the hearing that he had begun mental health treatment a month earlier with a psychiatrist and a psychologist, and he presented a letter from his therapist stating he was in treatment and that he had been diagnosed with bipolar disorder and dementia. (R. 876, 899). The ALJ acknowledged these facts, but specifically noted that the record contained no mental health treatment notes or objective evaluations. In accordance with Carter, these facts demonstrate that there were pertinent, available medical records which came to the ALJ's attention during the course of the hearing, but he failed to obtain them, and thereby erred.

The court finds this case is also controlled by the more recent case of Madrid v. Barnhart, 447 F.3d 788 (10th Cir. 2006). There, the record contained evidence (which the ALJ acknowledged in his decision) that Mr. Madrid had undergone a rheumatoid factor test. Id. at 790-91. However the ALJ did not request the results of the test but, "apparently dismissed the possibility of a rheumatological disorder because 'the record . . . [contained] no evidence of results of a rheumatology work-up.'" Id. at 791 (quoting the ALJ's decision). The court found legal error because the ALJ failed to request the test results. Id. The court noted, "this failure is especially troubling because Mr. Madrid was not represented by counsel at his . . . administrative hearing, the test results were in existence at the time of the hearing and apparently available, and the ALJ was aware the test was performed." Id. 447 F.3d at 791. Here, Mr. Stidham was unrepresented at the

administrative hearing, the mental health treatment records were in existence at the time of the hearing and apparently available, but the ALJ did not attempt to secure them, found no mental impairments at all, and found that Plaintiff's memory and concentration problems were not medically determinable impairments. This is reversible error.

The Commissioner's arguments that Plaintiff has the burden of proof regarding his mental impairments, and that nothing prevented Plaintiff from submitting reports from his psychiatrist and psychologist after the hearing, ignore the facts of this case. First, as Plaintiff argues, the ALJ stated that he had all of the medical records, and did not suggest that Plaintiff might secure the additional records or additional statements for further review. Moreover, Plaintiff was pro se at the hearing, and as discussed above, the ALJ had a heightened duty to develop the record in such a case.

There is another factor the court finds troubling here with regard to development of the record. The ALJ did not develop the record regarding mental health treatment, but accorded "significant weight" to the state agency consultant opinions and "little weight" to the opinion of Plaintiff's therapist.[2] However, the court notes that the record contains two Psychiatric Review Technique Forms apparently completed by state agency consultants.[3] (R. 555-68, 582-95). The first of these forms indicates the state agency

---

[2]While the court's analysis here might have some bearing on the issue whether the ALJ properly weighed the therapist's opinion, it is not intended to address that issue, but merely notes a further basis to find the ALJ did not properly develop the record.

[3]The second form is unsigned and undated. (R. 582-95). The first was apparently completed as part of the Commissioner's initial review, and is dated April 4, 2005. (R.

consultant found insufficient evidence to apply the psychiatric review technique in this case. (R. 555). In the "Consultant's Notes," the form states "FTR [failure to report] to CE [consultant examination] Unable to make det[ermination.]" (R. 567). The second form also found insufficient evidence to apply the psychiatric review technique. (R. 582). In the "Consultant's Notes" of the second form, is the notation, "Without the presence of an objective mental status examination, there is insufficient evidence to establish that [claimant] suffers from a functionally disabling condition. No MDI [(medically determinable impairment)] has been established." (R. 594). The record is not completely clear, but the ALJ accorded "significant weight" to the opinions of the state agency consultants, and he also found Plaintiff's alleged memory and concentration problems were not medically determinable impairments. (R. 21, 22).

In the circumstances here, where the (presumably) state agency consultants' opinions are based upon insufficient evidence and upon the lack of mental status examinations, and where the only opinion in the record regarding Plaintiff's mental condition is found by the ALJ not to be supported by treatment notes or objective findings, the record is clearly inadequate to make a disability decision and the ALJ must develop the record in order to make a decision. The court finds at least three potential

---

555-68). Although such forms are normally completed by state agency consultants (and the first form was), this record does not specifically identify such a form completed at the reconsideration review, and the "Consultant Notes" in the second form discuss claimant's allegations at "reconsideration level," the court does not make a finding in that regard, and the Commissioner may address this issue, if necessary, on remand.

ways to properly develop the record in this regard. The ALJ could have sought the missing records as discussed above, he could have recontacted Plaintiff's therapist in accordance with 20 C.F.R. § 404.1512(e), and Cowan, 552 F.3d at 1187, or he could have ordered a consultative examination. 20 C.F.R. § 404.1517. The ALJ failed to do any of the three, and that failure is error in these circumstances.

In the "Conclusion" to his brief, Plaintiff seeks reversal and remand for an immediate award of benefits, but presents no basis for that remedy beyond the general authority of the statute authorizing judicial review of the Commissioner's final decisions. (Pl. Br. 22-23) (citing 42 U.S.C. § 405(g)). The Commissioner argues that remand for further proceedings is "the proper course, except in rare circumstances." (Comm'r Br. 13) (quoting INS v. Ventura, 537 U.S. 12, 16 (2002)) (emphasis in the Commissioner's brief). The court agrees with the Commissioner, and will reverse and remand for further proceedings consistent with this opinion.

**IT IS THEREFORE ORDERED** that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C § 405(g) REVERSING the Commissioner's decision, and REMANDING the case for further proceedings consistent with this opinion.

Dated this 27th day of September 2010, at Kansas City, Kansas.

    s/ John W. Lungstrum
    **John W. Lungstrum**
    **United States District Judge**